NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0652n.06
No. 20-3256

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Nov 16, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DEONTAE WILSON, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| Defendant-Appellant. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| | ) | |

Before: KETHLEDGE, DONALD, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Deontae Wilson pleaded guilty to four charges stemming from his involvement in the sale of cocaine base. This was not Wilson's first foray into drug trafficking, so the district court sentenced him as a career offender based on two prior convictions for controlled substance offenses. Wilson challenges his status as a career offender. We AFFIRM.

I.

Deontae Wilson sold crack cocaine out of his auto body shop in Wickliffe, Ohio. He was arrested after making three sales to a confidential informant. A federal grand jury charged Wilson and a co-conspirator with one count of conspiracy to distribute and possess with intent to distribute cocaine base, two counts of distribution of cocaine base, and one count of possession with intent to distribute cocaine base. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)–(C). Wilson pleaded guilty to all four counts, without a plea agreement.

The district court sentenced Wilson as a career offender under U.S.S.G. § 4B1.1(a) based on his two prior convictions for drug trafficking under Ohio Rev. Code (O.R.C.) § 2925.03(A)(2).[1] After including his career offender designation but awarding a three-level reduction for acceptance of responsibility, the district court calculated Wilson's advisory Guidelines range as 188 to 235 months, in accordance with the Presentence Investigation Report. The district court ultimately varied downward, however, sentencing Wilson to 120 months' imprisonment. Wilson appeals, challenging only the career offender designation.

II.

Under the 2018 U.S. Sentencing Guidelines manual, a defendant is a "career offender" if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). We review a district court's determination that a prior offense qualifies as a controlled substance offense de novo. *See United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006)

Wilson argues that, after our decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), his prior Ohio drug trafficking offenses do not qualify as "controlled substance offenses," as that term is defined in U.S.S.G. § 4B1.2(b). But a panel of this court recently considered and rejected the same argument in *United States v. Smith*, 960 F.3d 883, 887–92 (6th Cir. 2020). *Smith* held that O.R.C. § 2925.03(A)(2) qualifies as a "controlled substance offense," *id.* at 892, and so forecloses Wilson's argument.

---

[1] Wilson suggests in his brief that his prior convictions were under § (A)(1) of O.R.C. § 2925.03 instead of § (A)(2). They were not. *See* R. 71, PageID 546.

Wilson also argues that U.S.S.G. § 4B1.1(b)(2) as applied to him "is unconstitutional due to vagueness and fundamental fairness." Appellant Br. at 13. Wilson did not raise this objection in the district court and so we review for plain error. To succeed on plain error review, Wilson must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)); *see also* Fed. R. Crim. P. 52(b). Wilson cannot meet this standard.

In *Beckles v. United States*, the Supreme Court explained that "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." 137 S. Ct. 886, 892 (2017) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). But because the advisory Guidelines "merely guide the exercise of a court's discretion," they "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Therefore, Wilson's void-for-vagueness challenge is squarely foreclosed by Supreme Court precedent, and he has not established any other due process violation. Finding that the district court did not err in sentencing Wilson as a career offender, we AFFIRM.